## FREEMAN M. VILAS, Respondent, *v.* THE NEW YORK CENTRAL INSURANCE COMPANY, Appellant.

To constitute an application a part of a policy of fire insurance, there must be some reference to it in the policy which evinces that the parties understood and accepted it as such.

Upon expiration of a policy of fire insurance issued by the W. F. I. Co., plaintiff wrote to the agents through whom the policy was obtained to insure the property in a good company. The application for the expired policy which was numbered 1234 was on file with the agents. Without other application said agents procured a policy from defendant which contained a provision requiring from the applicant a survey, description and certain representations, and declaring them to be part of the policy and a warranty. After a statement in the policy of the different buildings and the amounts insured was added the words " as per application No 1234." In an action upon said policy, *held,* that this was not a sufficient reference to the application to the W. F. I. Co. to make it part of the policy; that no presumption could be indulged that reference was had thereto; and that the only application binding upon plaintiff was his letter to the agents.

Upon the back of the application to the W. F. I. Co. was a diagram of the buildings insured; by the printed directions accompanying the policy of that company, its agents were required to draw the diagram. *Held,* that even if the application could be regarded as obligatory in any sense upon plaintiff, he was not bound by the diagram, as in the absence of evidence that he had something to do with it, it was to be presumed that it was drawn by an agent of the W. F. I Co.

(Argued February 15, 1878; decided February 22, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff entered upon a verdict. (Reported below, 9 Hun, 121.)

This was an action upon a policy of fire insurance.

The material provision of the policy and the facts are sufficiently set forth in the opinion.

*W. E. Hughitt,* for appellant. The application was a part of the policy and a warranty and cannot be limited to mere identification of the property. (*Le Roy* v. *Market Ins. Co.,*

45 N. Y., 80; 39 id., 90; *Clinton* v. *Hope Ins. Co.*, 45 id., 454; *Steward* v. *Phœnix Ins. Co.*, 5 Hun, 261; *Owens* v. *Hol. Pur. Ins. Co.*, 56 N. Y., 565, *Bush* v. *Tilley*, 49 Barb., 599; *Pindar* v. *Res. Ins. Co.*, 47 N. Y., 114; *Kirkland* v. *Dinsmore*, 62 id., 171.)

*Nathaniel C. Moak*, for respondent.    The application for insurance to the other company was no part of this contract of insurance.    (*Clinton* v. *Hope Ins. Co.*, 45 N. Y., 454, 462–464; *Owens* v. *Hol. Pur. Ins. Co.*, 56 id., 565, 572–574; *Cheever* v. *Un. C. Ins. Co.*, 1 N. Y. W'kly Dig., 374; *Train* v. *Hol. Pur. Ins. Co.*, 62 N. Y., 598; *Burton* v. *Orient*, 8 Bosw., 448; 1 Abb. Ct. App. Dec., 257; *Kelly* v. *Comm.*, 10 Bosw., 82; *Ellis* v. *Albany*, 50 N. Y., 402; *Bidwell* v. *Astor*, 16 id., 263; *Van Tuyl* v. *Westchester, etc.*, 55 id., 657.) As in this application the answers were written by defendant's agent, after a survey of the premises, it is estopped and bound by the knowledge and acts of its agent.    (*Ins. Co.* v. *Wilkinson*, 13 Wal., 222; *Plumb* v. *Cat. Co. Ins. Co.*, 18 N. Y., 392; *Rowley* v. *Empire Ins. Co.*, 36 id., 550; *Baker* v. *Home L. Ins. Co.*, 64 id., 649, 650; *Ins. Co.* v. *Mahern*, 21 Wal., 152; *N. J. Ins. Co.* v. *Baker*, 94 U. S., 610.)

Miller, J.    The policy of insurance upon which this action is brought contains, among other provisions, the following clause : " And this policy is made and accepted on the above express conditions, and also of those hereto annexed, which are made a part of this policy."    One of the " conditions of insurance " annexed provides that applicants for insurance must state the " position, etc., of all contiguous buildings," and that the " survey, description and representations shall be taken and deemed to be a part of the policy and a warranty on the part of the insured."

The policy issued to the plaintiff, after stating the several amounts insured upon the different buildings and the place where situated, adds as follows : " As per application on file No. 1234."    No such application was ever sent to the defend-

ant, or was on file in its office ; but it appears that an application of that description, signed by the plaintiff, was on file with the defendant's agent at Plattsburgh, who issued the policy in question, and that it was sent to the same agents in regard to another application made in April, 1870, upon which a policy of insurance was issued by the Westchester Fire Insurance Company to the plaintiff, which had expired, and in place of which the policy in question was issued. Upon the back of the application is a diagram purporting to show the position of the buildings insured in reference to each other and their distances from each other.

It is insisted by the defendant that the application was a part of the contract, and that it misstated the position of the barn and omitted another building within fifty feet of one of those insured, and that these statements were warranties, and not being true, avoided the policy. The application was received in evidence against the objection of the plaintiff. It was not made to the defendant, but to another insurance company, and it is not sufficiently referred to in the policy to indicate what was really intended or where it was, and only as an application on file with the defendant.

This was untrue in point of fact, as the application was with the agents of the defendant, who were also agents of the Westchester Fire Insurance Company, and hence it is not apparent how this application can be considered as a part of the policy in question. To make an application constitute a part of a policy of insurance, there should be some reference to it, which evinces that the parties understood and accepted it as such. In *Clinton* v. *Hope Ins. Co.* (45 N. Y., 454) the policy issued by the defendant referred to a survey on file in the office of the agent, and it was held, in an action upon the policy, that any application and survey must have been on file in the office of the company to be effectual as forming a part of the contract of insurance, and that a survey on file in the office of the agent could only be used as identifying the articles covered by the policy and that it did not make the other statements founded on it a

part of the new contract. The application does not state that it is made a part of the policy or that the insurance is made upon the faith of that or the survey, and is only referred to in connection with the description.

It is obvious that the application referred to related to entirely a different state of facts, as appears upon its face. At that time the plaintiff had no title to the land on which the building stood, and only a claim under a contract for the same, to which he held a perfect title at the time the policy in question was issued. The parties, therefore, never agreed upon any such contract as was contained in the application, and it has no relevancy whatever to the policy issued by the defendant. The only application really made to the defendant by the plaintiff was by a letter of the insured. It neither applied for a renewal of the old policy, nor alluded to the former application; but it solicited an insurance in a number one company, and could, as it was, only be considered as an application for the policy which actually was issued. It was quite sufficient for such a purpose, and the insertion in the policy, without authority, of a reference in an obscure manner, to an application on file with the company, which was not there, could not bind the plaintiff to the statement made in another application, which related to another policy, which had been issued and run out. But even if the application may, in any sense, be regarded as obligatory, the diagram, which shows the location of the buildings insured, does not purport to be made by the plaintiff, and the proof does not show he ever saw or had anything to do with it. It was, no doubt, drawn by the agent of the Westchester Fire Insurance Company, as required by the printed directions accompanying the same, without regard to the policy issued by the defendant, and the plaintiff would not be bound by its conditions under such a state of facts.

It is very certain in this case that the plaintiff could not have been advised of the precise character of the survey referred to, and that the reference to it was not sufficiently certain, specific and full to apprise him of the fact that it

SICKELS.—VOL. XXVII.   75

meant the old survey upon his application for insurance to the Westchester Fire Insurance Company. It was not only uncertain and calculated to mislead, but it stated a fact which was untrue, and there is no reported case which sustains the doctrine that an insured party can be bound by an instrument of this character under such a state of facts. No presumption can legitimately be indulged that reference was had to an application made to another company, not filed with the defendant, and which related to another policy of insurance, which had long previously expired, or that the plaintiff was bound by it. It may be questionable whether, even if the application was properly referred to, it bound the plaintiff, as the proof on the trial tended to show that the answers to the questions put were made by the agent of the company, who was acquainted with the facts, prepared the answers, and at whose request, relying upon his knowledge as to their correctness, the plaintiff affixed his name to the same. But this is not material, as, for the reasons already stated, the application referred to cannot be considered as a warranty. The judge, at the close of the testimony, stated that he should hold that the policy referring to the application, the latter was a part of the contract, and the case would be presented to the jury, for them to determine whether there was any substantial breach of the contract, so as to defeat the warranties; and, if there was, the plaintiff could not recover. The defendant's counsel excepted to the ruling that there was any question of fact for the jury, insisting that there was such breach. The judge also remarked that, unless it was asked to have some questions submitted to the jury, a verdict would be directed, and stated that the court, having refused to hold, as a matter of law, that the plaintiff could not recover, and the defendant, having made no request to submit to the jury any question of fact whether the plaintiff had been guilty of any breach of the contract, left it for them to decide the value of the buildings. Although he had previously stated that the application was a part of the contract, yet, taking all that he did hold together, the effect of

the whole was that, as the case stood, the plaintiff was entitled to recover, and as no exception was taken to the last ruling, we think, unless there is some other difficulty in the way, the judgment should be upheld.

A single additional point is urged by the appellant's counsel, and that is that the terms of the policy were violated by the premises being vacated, and hence the plaintiff cannot recover. No such defense was interposed by the answer, and it is at least exceedingly questionable whether, under all the circumstances, it would have been proper to raise the question as the pleadings stood without an amendment of the same. But if the testimony given on that point was a proper subject for consideration, it must be conceded that it is exceedingly loose, uncertain and indefinite to support such a claim.

It was by no means clear that such was the fact, and the evidence is not entirely satisfactory so as to authorize such a conclusion as a matter of law. The most which can be urged is that it was for the jury to decide upon the testimony, and as already appears the court offered to submit to the jury any question of fact if it was asked, and no request being made by the defendant disposed of the case as already stated.

We do not discover that the defendant has been prejudiced by any ruling on the trial, and are of the opinion that the judgment should be affirmed.

All concur.

Judgment affirmed.